145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. DUNCAN, Petitioner-Appellant,
v.
STATE OF OREGON, Respondent-Appellee.
 No. 97-35715.
D.C. No. CV-95-01934-JAR.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1998.[2]
Decided May 13, 1998.
 
 Appeal from the United States District Court for the District of Oregon, James A. Redden, District Judge, Presiding.
 Before HAWKINS, THOMAS, and SILVERMAN, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Oregon state prisoner James L. Duncan ("Duncan") appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, challenging his conviction for sexual abuse in the first degree.[3] Duncan contends that he received ineffective assistance of trial and appellate counsel. The district court adopted the magistrate judge's findings that Duncan failed to make the required showing of incompetence or prejudice at either the trial or appellate level. We have jurisdiction to review de novo the denial of Duncan's petition pursuant to 28 U.S.C. § 2253, see Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and we affirm.
 
 I. Trial Counsel
 
 2
 Duncan argues that his trial counsel ("Larson") was ineffective because he: (1) failed to impeach adequately the victim's aunt; and (2) failed to call witnesses that presumably would have bolstered Duncan's story and undermined the victim's credibility. In order to prevail on this claim, Duncan must demonstrate that his "counsel's performance fell below that of a reasonable attorney, and that [his] counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different." Hamilton v. Vasquez, 17 F.3d 1149, 1155-56 (9th Cir.1994) (citing Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In reviewing this claim, we recognize the strong presumption that counsel's conduct falls within a wide range of appropriate professional assistance. See Strickland, 466 U.S. at 689.
 
 
 3
 Duncan has failed to establish that his trial attorney acted unreasonably. First, with respect to impeaching the victim's aunt ("Sells"), the record clearly shows that Larson attempted to obtain records from Dr. Kurlychek and Ms. Orbell, the caseworker, before the trial, but was impeded by Dr. Kurlychek's assertion of privilege and Ms. Orbell's refusal to speak with him. After a thorough investigation, Larson received nothing to indicate that Sells's account of the timing of events was inconsistent with any other evidence. As soon as he learned of the inconsistency, Larson promptly moved for a new trial. Moreover, in his cross-examination of Sells, Larson demonstrated that she could not remember details of the events and he established her potential bias against Duncan. Under the circumstances, Larson's investigation and corresponding impeachment of Sells were adequate.
 
 
 4
 Second, Duncan contends that Larson's defense was constitutionally ineffective because: (1) he did not call witnesses to testify that the mentally-disabled victim had been coached for her testimony at trial; (2) he did not elicit testimony from Ms. Scovell, or others, that Duncan had no opportunity to commit the crime; and (3) he did not call a witness who would have testified about a police officer's opinion of the case. We reject each of Duncan's contentions. As to the coaching of the victim, the record shows that the victim did, indeed, admit on cross-examination that others had told her what was important to say when giving her testimony. As Larson attested in his affidavit, he did not call additional witnesses to reiterate this point because he felt that its cumulative nature would instill sympathy for the victim and hostility toward Duncan. As to Larson's decision not to elicit testimony from Ms. Scovell or other witnesses regarding Duncan's opportunity to commit the crime, his affidavit explains that he feared that such a pursuit would open the door to other sexual misconduct allegations involving Duncan. Moreover, simply because Ms. Scovell never saw Duncan alone with the victim does not prove Duncan lacked opportunity to commit the crime. Finally, Larson's affidavit makes clear that he chose not to call a witness to give hearsay testimony regarding a police officer's opinion of the case because it was inadmissible, or worse, because it might open the door to evidence of other bad acts.
 
 
 5
 Larson's affidavit establishes that his decisions about who to call as witnesses and how to interrogate them were reasoned matters of trial strategy. See United States v. Bosch, 914 F.2d 1239, 1244-47 (9th Cir.1990). Duncan has not shown that Larson's performance fell below that of a reasonable attorney.
 
 II. Appellate Counsel
 
 6
 Duncan also claims that his appellate counsel ("Humber") rendered ineffective assistance by failing to raise the demurrer issue on direct appeal. This claim, like his claim of ineffective assistance of trial counsel, is reviewed according to the standard set forth in Strickland, 466 U.S. at 688, 694. See Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989).
 
 
 7
 After reviewing the record and the pertinent case law, Humber concluded that the demurrer issue was not meritorious, and decided to focus on other issues. See State v. Milbradt, 305 Or. 621, 631-32, 756 P.2d 620, 625-26 (1988) (pleading broad time range does not constitute basis for demurrer where state cannot ascertain time of the crime with any reasonable degree of certainty). Humber's deliberate decision not to pursue the demurrer issue on appeal in his attempt to " 'winnow[ ] out weaker arguments ... and focus[ ] on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)).
 
 III. Conclusion
 
 8
 Accordingly, we affirm the district court's denial of Duncan's petition for writ of habeas corpus.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The panel unanimously finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 [3]
 Because Duncan filed his petition prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-122, 100 Stat. 1214, its provisions do not apply to this case. See Lindh v. Murphy, --- U.S. ----, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997)